**WILMERHALE**

November 13, 2025

**VIA ECF**

**Tamar Kaplan-Marans**

+1 212 230 8809 (t)
+1 212 230 8888 (f)
tamar.kaplan-marans@wilmerhale.com

The Honorable Mitchell J. Katz
U.S. District Court for the Northern District of New York
Alexander Pirnie Federal Building & U.S. Courthouse
10 Broad Street
Utica, New York 13501

Re: <u>Zagami v. Wolfspeed, Inc., et al., No. 6:24-cv-01395-ECC-MJK (N.D.N.Y. 2024)</u>

Dear Magistrate Judge Katz:

      We represent Defendants Wolfspeed, Inc., Gregg A. Lowe, and Neill P. Reynolds (together, "Defendants") in the above-captioned action and write in response to the November 12, 2025 letter filed by Lead Plaintiffs Qiu Shaomei, He Jie, Cai Guangjian, and Dr. Syed M. Alam, and plaintiff William Maizner (together, "Plaintiffs"). Plaintiffs contend that the pendency of the newly-filed *Korr Value, LP v. Lowe, et al.*, No. 6:25-cv-01448 (N.D.N.Y. Oct. 16, 2025) ("*Korr*") in this District "bears on" Defendants' Motion to Transfer Venue ("Motion to Transfer"). ECF No. 73. It does not.

      *First*, the mere filing of a second action in this forum does not logically support the notion that this District is somehow the "center of gravity" for this case. Indeed, the *Korr* securities individual action – filed less than a month ago – was clearly filed in this District *because* this related securities class action is currently pending in this District. That a second plaintiff chose to file in a less convenient forum where a related action is pending is irrelevant, and *Korr* is vulnerable to many of the same transfer arguments as Defendants have raised here. *See* ECF Nos. 59, 65.

      *Second*, *Korr*, at less than a month old, is in its nascent stage; the parties have not so much as entered a scheduling stipulation. Any assumptions underlying Plaintiffs' letter about how and where the *Korr* case ultimately will proceed is nothing but baseless speculation.

      *Finally*, Plaintiffs' argument contradicts their position with respect to the North Carolina derivative action, which they had said was irrelevant to the transfer analysis. *See* ECF No. 61 at 20-21. Plaintiffs cannot have it both ways.

      Defendants have met their burden of demonstrating that the Section 1404(a) transfer analysis weighs in favor of transferring the above-captioned securities class action to the case's "center of gravity" in the Middle District of North Carolina. *See* ECF Nos. 59, 65. The existence of the *Korr* action does not alter that conclusion.

WILMERHALE

The Honorable Mitchell J. Katz
November 13, 2025
Page 2

Respectfully submitted,

*/s/ Tamar Kaplan-Marans*

Tamar Kaplan-Marans


cc: All Counsel OF Record (via ECF)